1

2

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7   MARIO NOYOLA,

8                           Plaintiff,          NO:  CV-12-196-RMP

9       v.                                       ORDER GRANTING
                                                 DEFENDANTS' MOTION TO
10  LT. KERRI ADLER; SGT. SCOTT                  DISMISS AND GRANTING IN
    DONOZZO, individually and in their           PART PLAINTIFF'S MOTION TO
    official capacities,                         AMEND COMPLAINT
11

                            Defendant.
12

13          Before the Court is the Defendants' motion to dismiss, ECF No. 13, and the

14  Plaintiff's motion for leave to amend the complaint, ECF No. 24.  The Court has

15  reviewed the motions, the memoranda in support and opposition, all other relevant

16  filings, and is fully informed.

17                                **BACKGROUND**

18          According to his original complaint, Mr. Noyola was detained in the Grant

19  County Jail from March 24, 2010, until February 27, 2012, pending trial on

20  unspecified charges.  ECF No. 7 at 3.  On February 6, 2011, Mr. Noyola "received

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 1

a sanction/write-up for allegedly flooding and threatening a[n] officer while

housed in the segregation dorm in Grant County Jail." ECF No. 7 at 5. On

February 7, 2011, Mr. Noyola requested a review hearing for his sanction/write-up.

ECF No. 7 at 6. That same day, Mr. Noyola's visiting privileges were suspended

for thirty days. ECF No. 7 at 6.

The complaint asserts that jail policy is to defer imposition of any sanction

until after the review hearing occurs. ECF No. 7 at 6. Additionally, the review

hearing is to be held within five days of the request for a hearing, and the

defendant must be given twenty-four hours notice before the hearing. ECF No. 7

at 6-7. The original complaint alleges that Mr. Noyola was given a hearing more

than five days after his request, the hearing was given on short notice, and due to

the short notice Mr. Noyola was unable to effectuate a defense. ECF No. 7 at 7-8.

Mr. Noyola brought the instant action under 42 U.S.C. § 1983 alleging that

the Defendants violated his constitutional rights. Mr. Noyola is acting pro se and

is proceeding in forma pauperis. The Court directed service on June 4, 2012.

On June 27, 2012, the Defendants filed the present motion to dismiss for

failure to state a claim. ECF No. 13. On June 18, 2012, Mr. Noyola moved to

amend his complaint, ECF No. 24, and moved the Court for an extension of time in

which to respond to the Defendants' motion to dismiss, ECF No. 25. The Court

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 2

1    granted Mr. Noyola's motion for an extension of time and reset the motion to

2    dismiss and the motion to amend to be heard together.  ECF No. 37.

3                                    **APPLICABLE LAW**

4            A claim for relief must contain "a short and plain statement of the claim

5    showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under Rule

6    12(b)(6), a court may dismiss a complaint on motion by the defendant where the

7    complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ.

8    P. 12(b)(6).  In reviewing the sufficiency of a complaint, a court accepts all well-

9    pleaded allegations as true and construes those allegations in the light most

10   favorable to the non-moving party.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d

11   992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

12   F.3d 1025, 1031-32 (9th Cir. 2008)).

13           "To survive a motion to dismiss, a complaint must contain sufficient factual

14   matter, accepted as true, to 'state a claim of relief that is plausible on its face.'"

15   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.*

16   *Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

17   plaintiff pleads factual content that allows the court to draw the reasonable

18   inference that the defendant is liable for the misconduct alleged."  *Id.* (citing

19   *Twombly*, 550 U.S. at 556).  However, "[r]ule 8(a) 'does not impose a probability

20   requirement at the pleading state; it simply calls for enough fact to raise a

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 3

1  reasonable expectation that discovery will reveal evidence' to support the

2  allegations." *Starr v. Baca*, 633 F.3d 1191, 1205 (9th Cir. 2011) (quoting

3  *Twombly*, 550 U.S. at 556).

4        A court has a duty to construe pro se pleadings liberally. *Hebbe v. Pliler*,

5  627 F.3d 338, 342 (9th Cir. 2010). Accordingly, a court must give a pro se

6  plaintiff the benefit of the doubt and not hold the pro se plaintiff to the same

7  standards as applied to formal pleadings drafted by lawyers. *Id.* This duty holds

8  true even after the United States Supreme Court's decisions in *Iqbal* and *Twombly*.

9  *Id.* at 342 n.7. However, although a court must construe a pro se complaint

10  liberally, that does not relieve the pro se plaintiff from the need to plead specific

11  facts establishing the elements of a cause of action. *Ivey v. Bd. of Regents of Univ.*

12  *of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

13                          **DISCUSSION**

14        Mr. Noyola's original complaint does not parse out each individual claim.

15  *See* ECF No. 7. Liberally construing the Plaintiff's complaint, the Court concludes

16  that Mr. Noyola wishes to assert claims for deprivation of due process, cruel and

17  unusual punishment, and negligence. The Court will address each claim in turn.

18  / /

19  / /

20

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 4

**Due Process**

The original complaint fails to state whether Mr. Noyola is claiming a violation of substantive or procedural due process.  The Court will address both possibilities.

**Procedural Due Process**

In reviewing whether a state or local government has violated a plaintiff's right to procedural due process, a district court takes two steps.  First, the court must determine "whether there exists a liberty or property interest which has been interfered with by the State."  *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972)).  Second, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient."  *Id.* (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)).

The original complaint alleges that Mr. Noyola was deprived of his visitation privileges.  Therefore, the Court must determine whether Mr. Noyola enjoys a liberty interest in visitation.  "Protected liberty interests 'may arise from two sources--the Due Process Clause itself and the laws of the States.'" *Thompson*, 490 U.S. at 460 (quoting *Hewitt*, 459 U.S. at 466).  The Supreme Court has consistently held that the Constitution does not guarantee a right to visitation for pretrial detainees.  *Block v. Rutherford*, 468 U.S. 576, 589 (1984).

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 5

1    Accordingly, if Mr. Noyola has a liberty interest in visitation, it must come from

2    state law.

3          To create a liberty interest, a state law must set forth substantive predicates

4    to govern official decision making and must contain explicitly mandatory

5    language. *Valdez v. Rosenbaum*, 302 F.3d 1039, 1045 (9th Cir. 2002).  In his

6    original complaint, Mr. Noyola fails to identify any law or regulation that limited

7    the Defendants' discretion to restrict his visitation.  Accordingly, the original

8    complaint fails to allege facts establishing that Mr. Noyola had a liberty interest in

9    visitation.

10          Any failure by the Defendants to follow internal jail grievance procedures

11    does not, by itself, independently establish a liberty interest for the purposes of due

12    process. *Shango v. Jurich*, 681 F.2d 1091, 1101 (7th Cir. 1982) *cited with*

13    *approval in Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  Because the

14    original complaint fails to allege facts establishing a deprivation of a protected

15    interest, the original complaint fails to state a claim for violation of Mr. Noyola's

16    procedural due process rights.

17          **Substantive Due Process**

18          "Pretrial detainees have a substantive due process right against restrictions

19    that amount to punishment."  *Valdez*, 302 F.3d at 1045 (citing *States v. Salerno*,

20    481 U.S. 739, 746 (1987)).  Accordingly, the Due Process Clause is violated where

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 6

1    a restriction is imposed on a pretrial detainee for the purpose of punishment. *Id.*

2    No violation occurs, however, where "restrictions are 'but an incident of some

3    other legitimate government purpose.'" *Id.* (quoting *Salerno*, 481 U.S. at 747).

4    "In distinguishing between a permissible restriction and impermissible punishment,

5    [a court] first examine[s] whether the restriction is based upon an express intent to

6    inflict punishment." *Id.*

7        The complaint fails to allege facts establishing that Defendants expressly

8    intended to inflict punishment by revoking Mr. Noyola's visitation privileges.

9    While the complaint draws a connection between the termination of visitation and

10   Mr. Noyola's "sanction/write-up" for allegedly flooding the jail dorm and

11   threatening an officer, no allegation identifies an express communication that the

12   termination of visitation was intended to punish Mr. Noyola.

13       Where there is no express intent to inflict punishment, a court looks to

14   whether there is some alternative purpose served by imposition of the restriction

15   and whether the restriction appears excessive with regard to that alternative

16   purpose. *Id.* "Put more simply, 'if a particular condition or restriction of pretrial

17   detention is reasonably related to a legitimate governmental objective, it does not,

18   without more, amount to "punishment."'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S.

19   520, 539 (1979)). While the *Bel* court identified the "essential objective" of

20   pretrial detention was to assure attendance at trial, the Government's legitimate

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 7

1   goals during detention are not limited to securing attendance. *Bell*, 441 U.S. at

2   539-40. "[T]he Government must be able to take steps to maintain security and

3   order at the institution. *Id.* at 540. The Supreme Court has recognized a

4   relationship between the security of a detention facility and the availability of

5   contact visitation. *Block*, 468 U.S. at 586; *See also Overton v. Bazzetta*, 539 U.S.

6   126 (2003) (upholding restrictions on noncontact visitation).

7        Defendants argue that suspension of Mr. Noyola's visitation privileges was

8   related to a legitimate interest to maintain security and order at the institution

9   because Mr. Noyola was believed to have flooded a portion of the jail and

10  threatened an officer. Defendants assert that suspension of Mr. Noyola's visitation

11  privileges supported the goal of maintaining order by preventing Mr. Noyola from

12  acting in a disruptive manner in the visitation room, a circumstance that poses a

13  greater risk of disruption due to the presence of friends and relatives.

14       The Court finds that this supports a legitimate interest in maintaining

15  security and order at the institution .[1] The Court further finds that the thirty-day

16  suspension period was not excessive. Accordingly, the Court finds that the

17  suspension of Mr. Noyola's visitation privileges was not punishment for the

18  

19       [1]The decisions of facility administrators are to be afforded substantial

20  deference. *Overton*, 539 U.S. at 132, and the Court declines to further analyze the

wisdom of the Defendants' decision to suspend Mr. Noyola's visitation rights.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 8

1   purposes of the Due Process Clause, and the original complaint fails to state a

2   claim for violation of Mr. Noyola's substantive due process rights.

3         **Cruel and Unusual Punishment**

4         To constitute cruel and unusual punishment for the purposes of the Eighth

5   Amendment, conditions of confinement must deprive the confined with "the

6   'minimal civilized measure of life's necessities.'"   *Frost v. Agnos*, 152 F.3d 1124,

7   1128 (9th Cir. 1998) (quoting *Wilson v. Sieter*, 501 U.S. 294, 304 (1991)).

8   Liability for unlawful conditions of confinement may be imposed only on a

9   showing of "deliberate indifference."   *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825,

10  835 (1994)).   For liability to attach, a jail official's "conduct must have been

11  'wanton,' which turns not upon its effect on the prisoner, but rather, upon the

12  constraints facing the official."   *Id.* (citing *Wilson*, 501 U.S. at 302-03).

13        The clear weight of authority favors the conclusion that restrictions on

14  contact visits do not deprive detainees with the minimal civilized measure of life's

15  necessities.   *Toussaint v. McCarthy*, 801 F.2d 1080, 1114 (9th Cir. 1986)

16  *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (2010).   The Court

17  concludes that there is no basis to conclude that a suspension of noncontact

18  visitation for a mere thirty days deprived the plaintiff of "the minimal civilized

19  measure of life's necessities."   Furthermore, even if the Court were inclined to

20  conclude that loss of visitation elicited sufficient pain to constitute cruel and

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 9

1    unusual punishment, liability would not be available as the Plaintiff has failed to

2    allege facts establishing wanton conduct on behalf of the Defendants.

3    Accordingly, the original complaint fails to state a claim for violation of the Eighth

4    Amendment's prohibition on cruel and unusual punishment.

5    **Negligence**

6    To state a claim for negligence, a Plaintiff must allege a duty, a breach of

7    that duty, causation, and damages.  *Watters v. Aberdeen Recreation, Inc.*, 75 Wn.

8    App. 710, 714 (1994).  In his response to the present motion, Mr. Noyola asserts

9    that the duty he is alleging is the duty to hold a pre-deprivation hearing prior to

10   punishing a detainee.  ECF No. 38 at 12.  As the Court has concluded that the

11   original complaint fails to allege facts establishing that the suspension of Mr.

12   Noyola's visitation privileges triggered the need for a hearing, the Court also does

13   not conclude that the Defendants owed a duty to the Plaintiff.  Accordingly, the

14   original complaint fails to state a claim for negligence.

15   **Leave to Amend**

16   "[I]n dismissing for failure to state a claim under Rule 12(b)(6), 'a district

17   court should grant leave to amend even if no request to amend the pleading was

18   made, unless it determines that the pleading could not possibly be cured by the

19   allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)

20   (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  Here, Mr.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 10

Noyola has moved to amend his complaint, ECF No. 24, and has filed an amended complaint, ECF No. 27. Amendment of a pleading is governed by Rule 15. Fed. R. Civ. P. 15. Rule 15 provides for a single amendment as a matter of course if such amendment is within twenty-one days of service of the original complaint, or, if the pleading requires a response, twenty-one days from service of that response or service of a motion under Rule 12(b) or 12(f). Fed. R. Civ. P. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15 prescribes a liberal standard. *AmerisourceBergen Corp. v. Dailysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.* Amendment is futile where "'allegation of other facts consistent with the challenge pleading could not possibly cure the deficiency.'" *Telasaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

The Court has reviewed the amended complaint and finds that the amended complaint fails to cure the deficiencies contained in the original complaint. The amended complaint re-alleges Mr. Noyola's claims for negligence and violation of

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 11

1  his due process rights.  The amended complaint also adds a claim for violation of

2  Mr. Noyola's rights to equal protection.

3       Mr. Noyola's due process and negligence claims are again based on the

4  theory that Mr. Noyola deserved a pre-deprivation hearing and that his hearing was

5  both late and procedurally deficient.  With regard to procedural due process, the

6  amended complaint still fails to allege facts showing that Mr. Noyola possessed a

7  liberty interest in visitation.  With regard to substantive due process, the amended

8  complaint fails because the allegations fail to establish that suspension of Mr.

9  Noyola's visitation privileges were punishment.  While Mr. Noyola's original

10 complaint did not specify whether visitors were allowed to contact detainees, the

11 amended complaint clarifies that the visitation right at issue is for noncontact

12 visitation where detainees and visitors are separated by glass.  ECF No. 27at 4.

13 This clarification does not change the Court's analysis because the penological

14 policy identified by the Defendants, avoiding disorder in the visitation room,

15 supports restricting access to both contact and noncontact visitation.  Additionally,

16 the amended complaint still fails to allege that suspension of Mr. Noyola's

17 visitation rights was expressly punitive.  Accordingly, the amended complaint fails

18 to state a claim for violation of Mr. Noyola's substantive due process rights.

19      Because Mr. Noyola's negligence claim is again based on the alleged

20 requirement for a pre-deprivation hearing, the failure to state a claim for violation

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 12

1    of due process necessarily means that the amended complaint fails to state a claim

2    for negligence.

3         Mr. Noyola's final claim in his amended complaint is that his right to equal

4    protection was violated because other pretrial detainees retained their visitation

5    privileges despite similar or more extreme detainee conduct  ECF No. 27 at 9.  An

6    equal protection claim may be established in two ways: (1) a plaintiff may show

7    that he was discriminated against based on his membership in a protected or

8    suspect class such as race, alienage, or religious affiliation; or (2) a plaintiff may

9    establish that he was treated differently than similarly situated individuals for

10   reasons that are not rationally related to a legitimate State purpose.  *Gonzalez-*

11   *Medina v. Holder*, 641 F.3d 333, 336 (9th Cir. 2011).  The amended complaint

12   does not allege that Mr. Noyola was treated differently based on a suspect

13   classification.  Accordingly, the complaint must establish that Mr. Noyola was

14   treated differently than other similarly situated individuals for reasons not

15   rationally related to a legitimate government purpose.

16        The amended complaint alleges that another pretrial detainee, Jeffery Ricks,

17   received the same disciplinary sanction and write-up as the Plaintiff did, ECF No.

18   27 at 4.  However, the amended complaint fails to set forth what punishment Mr.

19   Ricks did or did not receive. The only other allegation in the amended complaint

20   that is relevant to the issue of equal protection is the allegation that "defendants'

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND
GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 13

took plaintiff[']s visits for untenable reasons when other inmates never lost theirs when their disciplinary sanction was similar or of [sic] more extreme," ECF No. 27 at 9. That allegation is vague and conclusory and is insufficient by itself to state a cause of action for violation of equal protection. Accordingly, the amended complaint fails to allege sufficient facts supporting a claim for equal protection.

Despite the failure of the amended complaint, which was filed subsequent to Mr. Noyola's motion for leave to amend, to state a claim for relief, the Court will still grant Mr. Noyola leave to amend his complaint. With this Order, the Court gives Mr. Noyola notice that the Court may dismiss his case with prejudice if he elects to file a second amended complaint that fails to state a claim for relief.

Accordingly, **IT IS HEREBY ORDERED:**

   **1.** The Defendants' motion to dismiss, **ECF No. 13**, is **GRANTED**.

   **2.** The Plaintiff's motion for leave to amend, **ECF No. 24**, is **GRANTED IN PART AND DENIED IN PART**.

   **3.** The Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.

   **4.** If the Plaintiff wishes to file a new amended complaint, that complaint should be titled "SECOND AMENDED COMPLAINT" and shall be filed within thirty days of the entry of this Order.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 14

**5.** If a new complaint is not filed within the thirty-day period, the Court will close this file.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 26th day of December, 2012.


                  *s/ Rosanna Malouf Peterson*
                ROSANNA MALOUF PETERSON
        Chief United States District Court Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART PLAINTIFF'S MOTION TO AMEND COMPLAINT ~ 15